**In the Matter of Melvin E. HUBKA, Debtor.**

**Bankruptcy No. BK85–2819.**

United States Bankruptcy Court,
D. Nebraska.

Feb. 18, 1988.

Melvin Hubka, pro se.

Douglas R. Semisch, U.S. Atty's Office, Omaha, Neb., for the U.S.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

The United States has filed a Motion to Dismiss the Appeal of the pro se Debtor, Mr. Melvin Hubka (Fil. #128, August 7, 1987). Mr. Hubka previously filed a Notice of Appeal (Fil. #122, April 10, 1987), with the Clerk of the United States Bankruptcy Court. A hearing has been held. The Debtor appeared pro se and the United States was represented by Mr. Douglas R. Semisch.

The United States argued that the appeal should be dismissed because the Debtor–Appellant failed to designate the record as required by Bankruptcy Rule 8006. Counsel for the United States noted that the appeal had not yet been docketed with the Office of the Clerk of the United States District Court and that no filing number had been assigned to the appeal by that office. Accordingly, he argued the matter was still lodged within the jurisdiction of the Bankruptcy Court.

Upon review of the Bankruptcy Rules, the Court concludes that it does not have the judicial power to rule upon the Motion to Dismiss the Appeal.

Under Bankruptcy Rule 8001, an appeal from a final judgment or decree of a Bankruptcy Judge is to be taken by "filing a notice of appeal with the Clerk within the time allowed by Rule 8002". Under this rule, a notice of appeal must be filed with the Clerk of the United States Bankruptcy Court. Rule 8006 requires the appellant to designate a record within ten (10) days after filing a notice of appeal. The Bank-ruptcy Rules do not explicitly provide for or permit the Bankruptcy Court or the Bankruptcy Clerk's Office to dismiss the appeal. To the contrary, Rule 8001 provides in relevant part that:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

The appeals process could be frustrated if a judge could dismiss appeals from his own prior order. A Bankruptcy Judge may not dismiss an appeal from an order of the Bankruptcy Court on the ground that the Appellant failed to designate a record.

A separate Order will be entered consistent herewith.