In re Daniel H. OVERMYER, Debtor.

Harvey S. BARR, as Trustee of Danile H. Overmyer, Plaintiff,

v.

Daniel H. OVERMYER, Defendant.

Bankruptcy No. 82 B 20329.
No. 83 Adv. 6036.

United States Bankruptcy Court,
S.D. New York.

Feb. 4, 1992.

Whitman & Ransom, New York City (Richard N. Tilton, and Jerome Lee Davidow, of counsel), for debtor.

Harvey S. Barr, Spring Valley, N.Y., Trustee.

## DECISION ON MOTION TO ALTER OR AMEND JUDGMENT

**HOWARD SCHWARTZBERG,**
Bankruptcy Judge.

Daniel H. Overmyer, the debtor and defendant, in this case has moved pursuant to Federal Rule of Civil Procedure 60(b) to alter or amend this court's order dated August 23, 1991, which dismissed his appeal for failing to take any further action to perfect the appeal after he filed his notice of appeal. The debtor's basic point is that a bankruptcy court lacks jurisdiction to dismiss an appeal after a notice of appeal has been filed. The trustee in bankruptcy argues that this court has authority under 11 U.S.C. § 105(a) to dismiss an unperfected appeal because such action is part of the general administrative powers of the bankruptcy court to implement bankruptcy rules and to prevent an abuse where the appellant is dilatory in proceeding with the appeal.

## BACKGROUND

The debtor filed with this court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 29, 1982. The trustee in bankruptcy was duly appointed thereafter and qualified to serve.

On April 24, 1985, the trustee filed a complaint objecting to the debtor's discharge pursuant to 11 U.S.C. § 727. The complaint alleged eight claims for relief.

The court granted the trustee's motion for summary judgment on the ground that (1) the debtor was guilty of fraudulent conduct in connection with the filing of a proof of claim in another bankruptcy case and (2) the debtor concealed and falsified books and records from which its financial condition and business transactions could be determined. *In re Overmyer*, 121 B.R. 272 (Bankr.S.D.N.Y.1990).

On November 13, 1990, this court entered an order denying the debtor's discharge. The debtor filed a notice of appeal from this order on November 16, 1990 and did nothing further to perfect the appeal.

On July 30, 1991, the trustee moved in this court for an order dismissing the debtor's appeal for failure to prosecute. In the absence of any party appearing in court on behalf of the debtor, the court entered an order dated August 23, 1991, dismissing the debtor's appeal. The debtor has now moved for an order altering or amending the dismissal order for lack of jurisdiction.

## DISCUSSION

The filing of a notice of appeal divests the bankruptcy court of jurisdiction to proceed with respect to the matters raised by such appeal. *In re Overmyer*, 53 B.R. 952, 954 (Bankr.S.D.N.Y.1985). *See also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) ("filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal"). Although the court has not found any case in the Southern District of New York which holds that a bankruptcy court lacks jurisdiction

to dismiss an appeal for failure to prosecute such appeal, there is ample authority in the Southern District of New York that such dismissal motions are appropriately made in the district court, not in the bankruptcy court. *See, e.g., Adler v. Bancplus Mortgage Corp.*, 108 B.R. 435 (S.D.N.Y. 1989). The reason that such motions should be addressed to the district court is that Bankruptcy Rule 8001(a) specifically refers to the district court or bankruptcy appellate panel (there is no bankruptcy appellate panel in New York) in discussing dismissal of unperfected appeals. The relevant language of this section is as follows:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

Fed.R.Bankr.Pro. 8001(a).

In a case which is strikingly similar, *In re Hubka*, 82 B.R. 537 (Bankr.D.Neb.1988), a bankruptcy judge ruled that "[a] Bankruptcy Judge may not dismiss an appeal from an order of the Bankruptcy Court on the ground that the Appellant failed to designate a record." *Id.* at 538.

It is concluded that this court lacks jurisdiction to dismiss the debtor's unperfected appeal even though the debtor has been extremely dilatory and failed to take any further steps after he filed his notice of appeal to perfect such appeal. This dilatory procedure must be reviewed by a district court and not the bankruptcy court. Therefore, the debtor's motion is granted.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A).

2. Under Bankruptcy Rule 8001(a), this court lacks jurisdiction to dismiss the debtor's unperfected appeal because the debtor's filing of a notice of appeal divested the bankruptcy court of jurisdiction to proceed with respect to the matters raised by such appeal.

3. Therefore, the debtor's motion made pursuant to Federal Rule of Civil Procedure 60(b) is granted and this court's order, dated August 23, 1991, dismissing the debtor's appeal is vacated.

SETTLE ORDER in accordance with the foregoing.