**In re RIVERMEADOWS ASSOCIATES, LTD., a California Limited Partnership, Debtor.**

**Bankruptcy No. 95–20322.**

United States Bankruptcy Court, D. Wyoming.

July 14, 1995.

Brent R. Cohen, Rothgerber, Appel, Powers & Johnson, Cheyenne, WY, for movants.

David F. Evans, Hickey, Mackey, Evans, Walker & Stewart, Cheyenne, WY, for joining party.

Georg Jensen, Cheyenne, WY, for debtor.

## ORDER ON MOTION TO APPOINT TRUSTEE

PETER J. McNIFF, Bankruptcy Judge.

THIS MATTER is before the court on the motion of Edmond Opler, Jr., Patricia Ann Opler, The Edmond Opler, Jr. Living Trust, and the Patricia Ann Opler Living Trust (Oplers) for an order appointing a chapter 11 trustee in this case. The Oplers' motion was joined by Jeff Wanamaker, and was opposed by the debtor, Rivermeadows Associates, Ltd. At the hearing held July 5 and 6, 1995, Mr. Opler was represented by Brent R. Cohen of Rothgerber, Appel, Powers & Johnson. Mr. Wanamaker appeared with his counsel, David F. Evans. The debtor was represented by its counsel, Georg Jensen. No other agent of the debtor appeared at the hearing.

### BACKGROUND

A brief history of this case is relevant. The debtor is a California limited partnership. Donald H. Albrecht, a resident of California, is the general partner and, according to the debtor's statement of financial affairs, a 70% limited partner. The other significant limited partner is a limited partnership, allegedly controlled by Mr. Albrecht.

The chapter 11 case was filed in the U.S. Bankruptcy Court for the Central District of California on January 27, 1995. That court transferred venue of the case to the District of Wyoming, and the case was received here on May 12, 1995.

The debtor's property schedules list approximately 1350 acres of real property located in Teton County, Wyoming, upon which a resort known as the Crescent H Guest Ranch is operating. The debtor also scheduled personalty, including vehicles, used in the operation of the ranch. This ranch is managed by Mr. Albrecht's son, Scott Albrecht.

Both movants are engaged in litigation with the debtor and Mr. Albrecht individually. Also involved in some of the litigation are various other Albrecht entities, including two (2) separately incorporated companies both named Rivermeadows, Inc. The debtor considers the movants to be disputed creditors.

The litigation between the debtor and the Oplers is pending in the United States District Court for the District of Wyoming, and is scheduled for trial in October, 1995. The debtor has not scheduled the Oplers as creditors of this estate, although in the complaint the Oplers are asserting money damages.

Mr. Albrecht is, or has been, a party in numerous lawsuits in Teton County, Wyoming, including the Wanamaker litigation. Mr. Wanamaker and Mr. Albrecht have been involved in litigation since 1986, and Mr. Wanamaker has a very large judgment against Mr. Albrecht personally. Mr. Wanamaker alleges an interest in the property of this estate through a charging order against Donald H. Albrecht's interest. Mr. Wanamaker is scheduled as a secured creditor, having recorded a lis pendens in Teton County.

The debtor also scheduled about $600,-000.00 in unsecured claims. Those claims are for trade debt and wages incurred by the Crescent H Guest Ranch operation, and for attorney fees incurred in the Opler litigation.

*DISCUSSION*

 Although there is a presumption under the Bankruptcy Code that the debtor should remain in the possession and management of a chapter 11 estate, the court may order the appointment of a chapter 11 trustee under certain circumstances. 11 U.S.C. § 1104(a). Because courts view a chapter 11 trustee appointment as an extraordinary step, the movant is generally required to

present clear and convincing evidence of the trustee's necessity. *In re Colorado–Ute Elec. Ass'n, Inc.*, 120 B.R. 164, 173 (Bankr. D.Colo.1990).

 The appointment is mandatory under § 1104(a)(1) if a court finds cause, including "fraud, dishonesty, incompetence, or gross mismanagement" by the debtor's current management. *Id.* A court also has discretion to order the appointment of a trustee if the court determines that "the appointment is in the interest of creditors." 11 U.S.C. § 1104(a)(2); *In re PMH Corp.*, 116 B.R. 644, 647 (Bankr.N.D.Ind.1989).

 A number of factors are variously considered when an appointment for cause is requested. These include the overall management of the debtor, both past and present; the trustworthiness of the debtor's management; the nature of and availability of financial records; the movement of funds between the debtor and related entities; the ability of management to act as a fiduciary for the estate; and pragmatic considerations such as cost. *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr.S.D.N.Y.1990).

 In this case, the court finds that cause clearly exists to warrant the appointment of a chapter 11 trustee, and that such an appointment is also in the best interests of all creditors, including the undisputed creditors. This conclusion is based upon the questionable business practices of the debtor's current management, Donald H. Albrecht. Simply put, this motion is about Donald H. Albrecht's conduct.

More specifically, three (3) areas of concern are apparent. First, Mr. Albrecht has demonstrated a disregard for judicial authority, because of which he is absent from Wyoming. The evidence showed a pattern of disregard for court orders, and a failure to appear at required proceedings.

For example, during the course of the extensive Wanamaker litigation, Mr. Wanamaker's counsel attempted to conduct discovery concerning Mr. Albrecht's assets. The eventual outcome was the issuance of a warrant for Mr. Albrecht's arrest in California

due to his repeated failure to appear for a debtor's examination.

During the Wyoming litigation between Mr. Wanamaker and Mr. Albrecht, Judge Rogers of the Ninth Judicial District Court appointed a state court receiver to take control of the Crescent H Guest Ranch receipts. When Donald H. Albrecht failed to cooperate with the receiver, and failed to turn over receipts, he was ordered to provide an accounting. And when he failed to do that, Judge Rogers issued a bench warrant for Mr. Albrecht's arrest.

At the hearing on this motion, the debtor's counsel argued that the bench warrant precluded Mr. Albrecht from coming to the hearing. The debtor requested that this court grant Mr. Albrecht immunity from the warrant so that he could appear here. The debtor concludes that the creditors have caused Mr. Albrecht's absence in order to further their own interests at this critical time.

However, the facts compel a different conclusion. The court sees the situation as exemplary of Mr. Albrecht's disregard for the judicial process, even at the expense of this debtor. He has demonstrated that he only complies with court orders, if at all, when it is expedient. These unfortunate circumstances did not occur overnight and were not of the creditors' or the debtor's making.

At the hearing held by this court, Mr. Albrecht's testimony would clearly have been desirable for both parties and for the court. Yet, he chose to abandon the debtor's own attorney without the necessary assistance required to substantiate the debtor's allegations.

Second, and perhaps more serious, is the unbelievably complicated history of the Albrecht business dealings. Two (2) attorneys for Mr. Wanamaker testified concerning their efforts to discover the financial information of this debtor and other Albrecht entities. Although the financial records are voluminous, and the review of them was extensive, no documentation was found or produced to support certain transactions, transfers, or financial dealings involving the debtor.

For example, during the year preceding the filing of this case, 15 parcels of real property were transferred from Rivermeadows Associates, Ltd., to 15 entities called RMA # 1 through RMA # 15. Counsel argued that Mr. Albrecht had authority under the partnership agreement to transfer this property, yet this authorizing document was not produced. (The debtor asserted that this partnership agreement is attached to pleadings in the adversary proceeding, but it is not.)

The debtor also asserted that these were transfers to trusts wherein the debtor is the beneficiary. Yet the trust agreements were not produced, and Mr. Wanamaker's counsel testified that he has been unable to locate these agreements despite extensive discovery requests. Mr. Albrecht also failed to produce the tax returns for these entities. Assets worth $15,000,000 have been transferred without any paper trail.

The movants also produced the certified copies of vehicle titles to a number of vehicles listed as "vehicle inventory for insurance" in the United States Trustee's property information sheet. None of the titles evidence ownership in this debtor. And despite the debtor's assertion that the vehicles may have been transferred to the debtor subsequent to the date of the titles, no evidence of that was produced.

There is also evidence of complicated business dealings which peripherally involve the debtor. The debtor partnership has apparently never had its own bank account. Rather, all receipts from this and all other Albrecht entities are funneled through the account of a corporation called Terramics, Inc. And then the funds are transferred to another corporation for disbursement. Mr. Mark Treadwell, a credible witness, testified that the records of these commingled funds made it impossible to trace the debtor's financial activities.

Ironically, the estate appears to have been enhanced rather than depleted since the movants began to pursue Mr. Albrecht personally. Yet this disregard for legal entities, their structure and requirements, is not indicative of sound fiduciary practice.

Third and last, there are matters raised in this case which directly involve the bankruptcy. Mr. Albrecht is not the only knowledgeable agent of the debtor. Yet, no one appeared to defend the instant motion. This debtor is managed by a person who cannot even come to Wyoming for fear he will be arrested.

To further complicate the picture, the debtor scheduled its real property as owned in "100% fee ownership." Yet in certain papers filed with the United States Trustee for the Central District of California, the trusts were referenced as owners of some parcels. And, in its memorandum on the appointment of a chapter 11 trustee, the debtor asserted that it owned those parcels in a 95% interest.

If Mr. Albrecht were not an experienced attorney, these inconsistencies perhaps would have less significance. However, the court is left with the definite impression that his actions are calculated to suit the specific necessity of the moment.

■ The debtor argues that its postpetition financial practices have been exemplary. The witnesses for the movant reluctantly agreed that they have no evidence of any postpetition breach of fiduciary duty. However, the Code is clear that the prepetition conduct of the debtor's management may be the sole deciding factor. Certainly this case is demonstrative that a trustee is warranted on that basis alone.

*CONCLUSION*

The bankruptcy estate is jeopardized by haphazard records and Mr. Albrecht's disregard for the separate legal entities involved with the debtor. His pattern of intermingling funds and of expedient transfers, and the absence of proper record keeping, all support the conclusion that there is a lack of sound business management. Such conduct is adverse to the chapter 11 process and is a detriment to the ongoing business of this chapter 11 case. The court concludes that the appointment of a disinterested chapter 11 trustee is a remedy which will protect the estate and the debtor at least until the court resolves the ownership questions in the pending adversary.

It is, therefore, ORDERED that the United States Trustee shall, pursuant to 11 U.S.C. § 1104(d), appoint a chapter 11 trustee to take immediate possession of the estate assets, operate the business of this debtor partnership, prosecute the pending litigation if desirable, and perform the other duties specified in § 1106 to the extent applicable; and, it is further

ORDERED that Donald H. Albrecht shall immediately turn over to the trustee all property of the estate, including the books and records, and shall account to the trustee for all proceeds of the debtor and the Crescent H Guest Ranch since the filing of the bankruptcy petition.

*ORDER ON MOTION TO RECONSIDER ORDER ON MOTION TO APPOINT TRUSTEE*

The debtor in this case, Rivermeadows Associates, Ltd., filed a timely motion asking the court to reconsider its order directing the United States trustee to appoint a chapter 11 trustee. The court has reviewed the motion to reconsider and finds that it should be denied.

The debtor appears to be arguing that the court's order to appoint the trustee is ambiguous. But, under the guise of this request for clarification, the debtor actually seeks an order determining the ownership of the Crescent H Guest Ranch. As this court stated in the order appointing a trustee, the pending adversary will resolve the ownership controversy.

This court required a chapter 11 trustee because of the questions raised regarding the guest ranch ownership, the controversy surrounding that issue, the state of the financial records involving that ownership, and the apparent lack of candor involved with the debtor's affairs.

The debtor also argues that Donald Albrecht cannot provide an accounting to the trustee as required by the order, while also providing an accounting to the District Court in Teton County, Wyoming. There is no

conflict, and Mr. Albrecht can provide information to both courts as required.

The creditors who moved for a trustee will cooperate with the trustee concerning his investigation and the operation of the estate. If the chapter 11 trustee needs assistance from this court he may file appropriate pleadings.

The court finds no reason to reconsider its order. It is, therefore, ORDERED that the motion for reconsideration is denied.

July 31, 1995