**In re SCHWINN BICYCLE CO., et al., Debtors.**

**SCHWINN PLAN COMMITTEE, Plaintiff,**

**v.**

**AFS CYCLE & CO., LTD., et al., Defendants.**

**Bankruptcy Nos. 92 B 22474 to 92 B 22482.**

**Adversary No. 94 A 01618.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Jan. 17, 1997.

**14**

Howard Feller and Dion W. Hayes of McGuire Woods Battle & Boothe, Richmond, VA, Mark K. Thomas and Terry Horwitz Kass of Katten Muchin & Zavis, Chicago, IL, for Plaintiff.

Eric G. Grossman of Bailey Borlack Nadelhoff & Carroll, Chicago, IL, Shieh Liang Houh, Taipei, Taiwan, Michael P. O'Neil of Freeborn & Peters, Chicago, IL, Scott L. Lanin of Farrell Fritz Cae, Uniondale, NY, for Defendants.

### MEMORANDUM OPINION ON MOTIONS OF PLAINTIFF TO DISMISS APPEALS OF LI HSIN AND FAIRLY BICYCLE

JACK B. SCHMETTERER, Bankruptcy Judge.

This Adversary proceeding sued various Defendants, each asserted to have benefited from preferential payments which Plaintiff Schwinn Plan Committee (the "Committee") sought to recover under 11 U.S.C. §§ 547 and 550. Following trial and ruling on issues common between all Defendants and Plaintiff, each count and defendant who did not settle were dealt with separately. Post-judgment motions by Plaintiff now seek dismissal by the bankruptcy judge of two appeals from judgments entered in two separate Adversary counts. The parties also seek sanctions against each other and other relief.

For reasons stated below, the Motion of Defendant Li Hsin for extension of time to perfect its appeal by filing of Statement and

Designation is allowed, but all other motions and cross-motions of the parties are stricken for lack of jurisdiction in this Court.

### Count Against Li Hsin

On September 30, 1996, pursuant to pretrial order, trial was held on the Committee's claim against Li Hsin Rubber Ind. Co., Ltd. ("Li Hsin"), a Taiwanese company without offices in the United States. On October 3, 1996, Findings of Fact and Conclusions of Law were made and entered following that trial, and Judgment was entered for Plaintiff that same date in the amount of $195,171.39. On October 7, 1996, the chambers secretary/deputy clerk served by ordinary mail copies of the Findings and Conclusions, and of the Judgment, upon counsel of record for Li Hsin and Plaintiff's counsel. On October 15, 1996, Li Hsin's Taiwanese counsel filed a notice of appeal from that Judgment and also appealed from a pretrial order entered September 20, 1996, deeming certain admissions against Li Hsin herein, based on Requests to Admit served pretrial. On October 25, 1996, Taiwanese counsel for Li Hsin filed a motion for extension of time to locate Chicago counsel to prepare and file its Designation of appeal record and Statement of appeal issues, but did not notice that motion for ruling or otherwise call it to the Court's attention at the time. Nor did Plaintiff's counsel notice that motion for decision or move to strike it.

On November 27, Plaintiff moved herein to strike the Li Hsin appeal for asserted failure of appellant to file its Designation and Statement of Issues within ten days after filing its Notice of Appeal, as required by Fed. R. Bankr.P. 8006. The Bankruptcy Clerk had issued a Notice to the parties on October 29, 1996, that because a Designation and Statement had not been filed, this Defendant's appeal could not be perfected, and therefore all work on the appeal had ceased in the Bankruptcy Clerk's office. Served by Federal Express and FAX on November 21, Plaintiff's Motion to dismiss the appeal was presented in open court here on November 27.

However, in the meantime, counsel for Li Hsin filed a second notice of appeal, and also filed a Statement and Designation on November 22, 1996. Thereafter, the Bankruptcy Court Clerk started to work on assembling the designated materials, and either has sent or will shortly transmit the record to the District Court.

On November 27, Li Hsin's Taiwanese counsel faxed a response to the Committee's Motion to Dismiss, and for the first time informed the Court of its Motion filed October 25 for extension of time to file Designation and Statement.

The Committee argues that Li Hsin's first notice of appeal was not perfected in the time required, and that the second appeal notice was filed after the ten-day limit set under Fed. R. Bankr.P. 8002 to file notice of appeal following entry of judgment.

Defendant argues that the bankruptcy judge lacks jurisdiction to consider dismissal of its appeal.

### Count Against Fairly Bicycle

On March 25, 1996, a Final Default Judgment was entered in favor of the Committee on its count against another Taiwanese Defendant, Fairly Bicycle Mfg. Co., Ltd. ("Fairly"), for $111,142.95. It was entered following notice of motion for entry thereof and after prove-up following entry of an order of default. Such notice was sent to Fairly's counsel of record who did not resist the motion. However, nothing in the record shows that notice or a copy of that judgment was ever served or delivered by the Committee's counsel upon that Defendant or any counsel on its behalf or that the Bankruptcy Clerk did so, and the record shows that this chambers did not do so. Fairly's Taiwan counsel contends that he was never sent a copy of the Judgment by anyone until he obtained it following the current flurry of motions.

On November 3, 1996, the Committee sent notice by FAX and Express Mail to Chicago and Taiwanese counsel for Fairly of its motion presented to this Court on December 6 for dismissal of Fairly's appeal. This motion noted that Fairly Bicycle had filed its Notice of Appeal from the March 25 Judgment on November 19, 1996, but that filing was late under Fed. R. Bankr.P. 8002 as having been

filed more than ten days after entry of the March 25 Judgment.

Taiwanese counsel for Fairly (who also represents Li Hsin) complained in his Response of December 5, 1996, about shortness of notice of motion given it, particularly given the time differences between Chicago and Taiwan, and his consequent inability to respond earlier or participate in the December 3 court hearing (apparently referring indirectly to the fact that this Court had allowed him to participate in argument by telephone conference calls from Taiwan in earlier issues arising in this Adversary case wherein the times for such conferences were fixed to account for the different time zones involved). However, his written submission has been reviewed and notice was therefore fairly adequate as well as proper under the Rules.

Another objection by Farley's counsel was that the FAX notice to his client was not in compliance with notice procedures under the *Treaty of Friendship, Commerce and Navy* ("FCN"), a treaty earlier found herein not applicable to suits against Taiwanese parties. 190 B.R. 599 (Bankr.N.D.Ill.1995). For reasons set forth in that opinion, all objections to the form of notices by Plaintiff are without merit.

Defendant argues among other things that the ten-day period within which to file Notice of Appeal does not begin to run until there is service upon it of the default judgment. He further argues that he FAXED a request to Plaintiff's counsel on October 11, 1996, requesting a copy of any judgment, but was not sent a copy. He says that he only learned about entry of the judgment from copies of the docket sheet that he obtained from the Clerk (evidently after he received the motion as to Li Hsin), and then filed his Notice of Appeal. Indeed, this is an issue he has certified for appeal.

He also refers to his earlier motion of October 25, 1996, filed on behalf of Li Hsin for extension of time to file Designation and Statement, but did not file an independent motion for such extension on behalf of Fairly.

Defendant's counsel also argues that this Court lacks jurisdiction to consider dismissal of Fairly's appeal.

### *Discussion*

Under Fed. R. Bankr.P. 8006, an appeal from a bankruptcy court must be perfected within ten days.

Under Rule 9006(b), any period of time may be extended after the expiration of the time period where the failure to act is because of excusable neglect.

Under Rule 1001, the bankruptcy rules are to be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.

It has been held that, while the bankruptcy judge loses jurisdiction over the subject matter of an appeal once the notice has been filed, *Matter of Statistical Tabulating Corp.*, 60 F.3d 1286, 1289 (7th Cir.1995), some limited power is retained to determine issues concerning what items should be included in the designation of record. *In re Barrick Group, Inc.*, 100 B.R. 152, 154 (Bankr.D.Conn.1989). Bankruptcy judges have found that they have authority to grant or deny a motion for extension of time to file a Designation of appeal record. *See, e.g., Matter of Dowell*, 95 B.R. 693 (Bankr. W.D.Mo.1989).

However, the bankruptcy judge clearly lacks jurisdiction to dismiss an appeal. That jurisdiction lies with the district court or the bankruptcy appellate panel in a Circuit that has one. *Matter of Hubka*, 82 B.R. 537, 538 (Bankr.D.Neb.1988); *In re Clark*, 82 B.R. 906, 907 (Bankr.S.D.Ohio 1988). Fed. R. Bankr.P. 8001 provides that the failure of the appellant "to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the *district court or bankruptcy court panel* deems appropriate, which may include dismissal of the appeal. . . ." Fed. R. Bankr.P. 8001(a).

The district court (or the bankruptcy appellate panel where applicable) also have jurisdiction to suspend the requirements of the appellate rules. "In the interest of expediting decision or for other cause, the district court or the bankruptcy appellate panel may suspend the requirements or provisions of the Rules in Part VIII, except Rules 8001,

8002, 8013, and may order proceedings in accordance with the direction." Fed. R. Bankr.P. 8019. Thus, those bodies have authority and flexibility to deal with the issues as to appeal dismissal presented here, but the bankruptcy judge does not.

 Li Hsin filed a timely Motion for Extension of Time to file its Designation and Statement, grounded on its Taiwanese counsel's effort to obtain local counsel to take the appeal. Its Designation and Statement were later filed November 22, 1996, 37 days after its Notice of Appeal was filed instead of the normal 10 days. In the meantime, Plaintiff did not seek to strike that Defendant's Motion for Extension for want of prosecution, and it still pends. It should be and is granted for several reasons: First, the Defendant is entitled to review by a higher court of the very involved issues as to *in personam* jurisdiction and related issues of international law discussed in 190 B.R. 599. Second, the Motion for Extension was filed within 10 days after the filing of an appeal notice. Third, Li Hsin is a Taiwanese company located halfway around the world, having no offices in the United States even though it sells product in the United States. In the absence of regular counsel here who might preserve its appeal, it has some reasonable difficulty in reacting to the appeal schedule set by the Rules. Fourth, no prejudice to Plaintiff has been demonstrated to flow from the 27–day delay. Therefore, the filing of the Designation and Statement on November 22 will be allowed to stand, and an extension to that date of time to file will be allowed.

However, that is all that this Court has jurisdiction to consider. All additional motions must be addressed to the District Court.

### CONCLUSION

For reasons stated, Li Hsin's motion for extension of time to file its Designation and Statement is allowed, but Plaintiff's motions to dismiss appeals and the cross-motions for sanctions are dismissed for lack of jurisdiction.