In re **RIVERMEADOWS ASSOCIATES, LTD., a California Limited Partnership, Debtor.**

**RIVERMEADOWS ASSOCIATES, LTD., a California Limited Partnership, Appellant,**

v.

Thomas M. **FALCEY, Trustee; The Edmond Opler, Jr. Living Trust; The Patricia Ann Opler Living Trust; Edmond Opler, Jr., in his individual capacity and as trustee of the respective trusts; and Patricia Ann Opler, in her individual capacity and as trustee of the respective trusts, Appellees.**

BAP No. WY–96–13.
Bankruptcy No. 95–20322–11.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Decided Feb. 14, 1997.

Georg Jensen of Law Offices of Georg Jensen, Cheyenne, WY, for Appellant.

Donn J. McCall of Brown, Drew, Massey & Sullivan, Casper, WY, for Appellee Thomas M. Falcey.

Brent R. Cohen of Rothgerber, Appel, Powers & Johnson, Cheyenne, WY; George E. Bullwinkel and Thomas D. Laue of Bullwinkel Partners, Ltd., Chicago, IL, for Appellees The Edmond Opler, Jr. Living Trust, The Patricia Ann Opler Living Trust, and Edmond Opler, Jr. and Patricia Ann Opler in their individual capacities and as trustees of the respective trusts.

Before PEARSON, BOULDEN, and CORNISH, Bankruptcy Judges.

## OPINION

PEARSON, Bankruptcy Judge.

The debtor in the above captioned chapter 11 case appeals an order of the Bankruptcy Court for the District of Wyoming dismissing an appeal to the United States District Court for that District under Wyoming Local Bankruptcy Rule 806 for failure to comply with procedures for completing the appeal process. For the reasons set out below, we conclude that the adoption of the local rule by the bankruptcy court and the district court's approval of the rule constitute an appropriate delegation to the bankruptcy court of the district court's power to dismiss an appeal for failure to prosecute it in a timely fashion.[1]

## JURISDICTION

■■■ A Bankruptcy Appellate Panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). As neither party has opted to have the appeal heard by the District Court for the District of Wyoming, they are deemed to have consented to jurisdiction. 10th Cir. BAP L.R. 8001–1(c). An order dismissing an appeal is considered a final order.

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous. Fed.R.Bankr.P. 8013; see First Bank v. Reid (In re Reid), 757 F.2d 230, 233–4 (10th Cir.1985). The clearly erroneous standard does not apply to the bankruptcy court's conclusions of law. Conclusions of law are reviewed de novo. Pierce v. Underwood, 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988).

---

1. After examining the briefs and appellate record, a motions Panel determined unanimously that oral argument would not materially assist in the determination of this appeal, and previously granted a request for a decision on the briefs without oral argument. See Fed.R.Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a).

Neither party challenges the jurisdiction of this Panel to review the bankruptcy court's order of dismissal.

## FACTS

This case is unusual in that the appellant presents for consideration for the first time on appeal the question of the validity of the bankruptcy court's local rule under which the order appealed was entered. Since the bankruptcy court made no findings of fact in the order appealed, the Panel must look to the record designated by the parties to glean the surrounding facts. The facts are only sketched in the appellant's materials, and the Panel has relied upon the statements of fact by the appellees, the Appendix and the Supplemental Appendices. The facts are not in dispute.

The appellant, Rivermeadows Associates, Ltd. ("Rivermeadows"), is a California limited partnership in a chapter 11 case presently pending in the United States Bankruptcy Court for the District of Wyoming. Rivermeadows is no longer a debtor-in-possession as appellee Thomas M. Falcey ("Falcey") was appointed as trustee. *See In re Rivermeadows Assocs., Ltd.*, 185 B.R. 615 (Bankr.D.Wyo.1995). Falcey and the other appellees, the Opler Parties who are creditors of Rivermeadows, reached an agreement concerning a real estate asset of the estate.[2] The bankruptcy court, after notice to creditors and a two day evidentiary hearing, approved that agreement over the objection of Rivermeadows. Rivermeadows appealed that decision to the United States District Court for the District of Wyoming. (Appeal I). The bankruptcy court dismissed Appeal I—apparently under the Local Rule 806 challenged in this appeal. Rivermeadows filed a motion to reconsider the dismissal. The bankruptcy court denied the motion in an order dated June 11, 1996.

On June 21, 1996, Rivermeadows filed an appeal of the June 11, 1996 order—(Appeal II) again to the United States District for the District of Wyoming. On July 3, 1996, the appellees moved to dismiss Appeal II under Local Rule 806. On July 10, the bankruptcy court entered an order dismissing Appeal II. On July 22, 1996, Rivermeadows timely filed a notice of appeal of the dismissal to the Bankruptcy Appellate Panel.[3]

## DISCUSSION

Despite the time that it took to perfect and submit the appeal,[4] appellant's brief is remarkably short and wholly bereft of pertinent authority supporting its position. In it appellant states that it "believes that even if the merits of the dismissal existed, that it is inappropriate for the trial court to eliminate the possibility of review of its orders by acting on a motion to dismiss an appeal from its decisions." (Appellant's Brief at 3.) We construe this to be a concession by Rivermeadows that it had not complied with the time deadlines established by the local rule and a statement that it only seeks to challenge Local Rule 806 which authorizes the dismissal.[5]

2. The agreement attempted to return certain parties to their prepetition *status quo* by the sale of real property and the settlement of two pending lawsuits. The Opler Parties urge the Panel to find that the appeal is moot since the sale has been consummated in the absence of a stay pending appeal. The original order approving the compromise between Falcey and the Opler Parties involves other issues beyond the sale of the real estate involved. (*See* Appellee's Supp.R. at 1.) Accordingly, the Panel concludes that it cannot reach the mootness issue on this record.

3. On July 1, 1996, the BAP was authorized to begin hearing cases.

4. This Panel will not recite the litany of motions, responses and orders from the motions Panel of the Bankruptcy Appellate Panel which considered and dealt with the procedural deficiencies of appellant's efforts herein. Although the original appeal involves the order approving the compromise entered in February of 1996, the debtor has never designated the record or done the other steps necessary to prosecute that appeal.

5. The appellant has not asserted that the bankruptcy court made any factual error and has not made any argument that would allow this Panel to reach a determination of whether the extreme sanction of dismissal for failure to timely prosecute the appeal was appropriate. As a result, this Panel concludes that the only issue on appeal is whether Local Rule 806 constitutes an appropriate delegation to the bankruptcy court of the district court's power to dismiss an appeal for failure to prosecute it in a timely fashion.

■ Citing to the provisions of Fed. R.Bankr.P. 8011, Rivermeadows argues that the appeal *to the district court* should not have been dismissed by the bankruptcy court.[6] We are unable to see how a Federal Rule regulating the practice of the Bankruptcy Appellate Panel in dealing with motions on appeal can be applicable to a bankruptcy judge dismissing an appeal to the district court.

On December 1, 1991, the United States District Court for the District of Wyoming approved the adoption of local rules promulgated by the bankruptcy court for that district. Nothing in the record suggests that those rules were not properly adopted. Nor does it appear that the appellant seeks to challenge the adoption of those rules. Local Rule 806, adopted in furtherance of Fed. R.Bankr.P. 8006, requires a party to an appeal to designate certain items as part of the record and file two copies of the items so designated. Subsection (c) of Local Rule 806 provides:

> Failure to File Timely Designation of Record on Appeal or to Provide Copies of Items Designated: If the appellant fails to file its designation of record on appeal within the time specified by F.R.B.P. 8006, as extended, fails to pay for copies prepared by the clerk pursuant to paragraph (b) of this Rule, or does not comply with the instructional guidance provided by the clerk, *an order shall be entered dismissing the appeal for failure to prosecute.* On motion filed within five (5) days thereafter, and for good cause shown, the court may set aside its order of dismissal for failure to prosecute and reinstate the notice of appeal. (emphasis added.)

6. Fed.R.Bankr.P. 8011(e) provides:

   Power of a single judge to entertain motions
   *A single judge of a bankruptcy appellate panel* may grant or deny any request for relief which under these rules may properly be sought by motion, except that a single judge may not dismiss or otherwise decide an appeal or a motion for leave to appeal. The action of a single judge may be reviewed by the panel. (emphasis added).

7. Although the order appealed from does not state the grounds, both the appellant and the appellee concede in their opening briefs that the reason was failure to prosecute. (Appellant's

■ As noted, we construe Rivermeadows' statements to mean that it had not filed the necessary papers to complete the appeal process.[7] Rather, it suggests that dismissal by the bankruptcy court somehow violates public policy and Fed.R.Bankr.P. 8011. It offers no authority in support of its position.

■ We start with the premise that the district court has broad discretion in adopting rules to promote efficiency in the court, *Martinez v. Thrifty Drug and Discount Co.,* 593 F.2d 992 (10th Cir.1979), and that the rules bind litigants until changed. *Smith v. Ford Motor Co.,* 626 F.2d 784 (10th Cir.1980), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981). The district court has inherent authority to dismiss an appeal in a bankruptcy case for failure to comply with the rules of the court. *Pierce County v. Schneider (In re C.S. Crawford & Co.),* 423 F.2d 1322 (9th Cir.1970); *Murphy v. Thompson (In re Thompson),* 140 B.R. 979 (N.D.Ill. 1992), *aff'd,* 4 F.3d 997 (7th Cir.1993). A bankruptcy court generally loses jurisdiction over issues appealed to the district court or the Bankruptcy Appellate Panel and may not enter an order dismissing an appeal even where the appellant has wholly failed to pursue the appeal. *Barr v. Overmyer (In re Overmyer),* 136 B.R. 374 (Bankr.S.D.N.Y. 1992); *In re Hubka,* 82 B.R. 537 (Bankr. D.Neb.1988). *See also* 28 U.S.C. § 47. However, where a local rule authorizes the bankruptcy court to dismiss for noncompliance, it may do so. *Trader v. Rubin (In re Crisp),* 77 B.R. 215 (W.D.Mo.1987); *In re Frottier,* 185 B.R. 928 (Bankr.S.D.Fla.1995); *Chillicothe State Bank v. Duncan (In re Duncan),* 95 B.R. 672 (Bankr.W.D.Mo.1988).[8]

Brief at 2; Appellee's Brief at 5–6.) The Panel has discretion to treat statements of fact in the briefs as judicial admissions, for which no further proof is needed. *See Guidry v. Sheet Metal Workers Intern. Ass'n,* 10 F.3d 700, 716 (10th Cir.1993), *modified on other grounds,* 39 F.3d 1078, 1081 n. 3 (10th Cir.1994) (rehearing en banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 1691, 131 L.Ed.2d 556 (1995).

8. The Panel notes that in addition to Wyoming and the Western District of Missouri, the district courts in New Hampshire, Massachusetts, Hawaii, and Southern Florida have adopted similar local rules authorizing the bankruptcy court to

■ The validity of a local court rule is a question of law, *Jones v. Hill (In re Hill)*, 811 F.2d 484 (9th Cir.1987), which an appellate court reviews *de novo.*

The issue then becomes whether the local rule is somehow in conflict with either the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. Congress, in adopting the Bankruptcy Code, delegated to the United States Supreme Court the authority to make procedural rules. 28 U.S.C. § 2071. Pursuant to that authority, the Supreme Court has promulgated the Federal Rules of Bankruptcy Procedure. The Bankruptcy Rules authorize the district court of a district to adopt local bankruptcy rules "governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction." Fed.R.Bankr.P. 9029(a). The district court may also delegate the adoption of the local rules to the bankruptcy court. *Id.* The Bankruptcy and the District Court in Wyoming adopted local bankruptcy rules including Local Rule 806 on December 1, 1991.

■ Although the district court and bankruptcy court have been delegated authority to adopt local rules, that authority is carefully circumscribed: a district court may make rules prescribing the conduct of business but the rules must be consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *Bonner v. Adams (In re Adams)*, 734 F.2d 1094 (5th Cir.1984); *Martinez*, 593 F.2d at 993 (dealing with a district court local rule on jury costs). A rule may prescribe practice or procedure but may not enlarge, abridge or modify any substantive right. *King Resources Co. v. Phoenix Resources Co. (In re King Resources Co.)*, 651 F.2d 1349 (10th Cir.), *cert. denied*, 454 U.S. 881, 102 S.Ct. 370, 70 L.Ed.2d 195 (1981). A local rule which purports to limit a practice allowed by the Federal Rules of Bankruptcy Procedure is invalid. *Otasco, Inc. v. Mohawk Rubber Co. (In re Otasco, Inc.)*, 981 F.2d 1166 (10th Cir.1992); *Burger King Corp. v. Wilkinson (In re Wilkinson)*, 923 F.2d 154 (10th Cir.1991).

enter an order of dismissal where the appeal is

■ Federal Rule of Bankruptcy Procedure 8001 governs the procedure for initiating an appeal, and Rule 8007 requires the Clerk of the Bankruptcy Court to transmit the *completed* record on appeal to the Clerk of the District Court or Bankruptcy Appellate Panel. Although the district court may open a file upon receipt of a notice of appeal, only upon completion and transmission of the record is the district court in a position to monitor compliance with the Federal Rules of Bankruptcy Procedure. *Overmyer*, 136 B.R. 374; *Hubka*, 82 B.R. at 537; *cf. Crisp*, 77 B.R. at 215; *United States v. Dowell (In re Dowell)*, 95 B.R. 693 (Bankr.W.D.Mo. 1989); *Duncan*, 95 B.R. at 672. Delegating the dismissal to the bankruptcy court for noncompliance simply places the authority with the entity best able to monitor the proceedings and take action when the parties fail to do what is required. Accordingly, we hold that the Wyoming District Court may properly delegate to the Bankruptcy Court and judge the duty of monitoring compliance with the Federal and Local rules governing appeals and it may also delegate the power to dismiss an appeal which is not being timely prosecuted. Doing so constitutes regulation of practice and does not enlarge, abridge or modify any substantive right of a party to the appeal. In the context of this case where the appellant has not asserted the bankruptcy court committed an error of fact, and the bankruptcy court's ruling was not on the merits of the appeal but solely on an issue regarding the regulation of practice, we affirm the bankruptcy court's dismissal of the appeal.

■ The Opler Parties suggest that this appeal is frivolous and ask the Panel to find Rivermeadows in violation of Fed. R.Bankr.P. 9011. It is unclear whether Fed. R.Bankr.P. 9011 applies in an appeal before the Bankruptcy Appellate Panel. *Compare Hedges v. RTC*, 32 F.3d 1360, 1364 (9th Cir.1994) (District courts may impose sanctions under Fed.R.Bankr.P. 9011 in appeals from bankruptcy courts because "court" is defined by Fed.R.Bankr.P. 9001(4) as "the judicial officer before whom a case or proceedings is pending."), *cert. denied*, —— U.S.

not timely pursued.

——, 115 S.Ct. 1792, 131 L.Ed.2d 721 (1995) *with Franchise Tax Board v. Roberts (In re Roberts),* 175 B.R. 339, 345 n. 4 (9th Cir. BAP 1994) (Bankruptcy Appellate Panel may impose sanctions under Fed.R.App.P. 38). However, this Panel may make a finding that an appeal is frivolous under Fed.R.App.P. 38. Fed.R.Bankr.P. 8018; 10th Cir. BAP L.R. 8018–1(e). *See also Burkhart v. FDIC (In re Burkhart),* 84 B.R. 658 (9th Cir. BAP 1988) (Bankruptcy Appellate Panel may award sanctions under Fed.R.App.P. 38). To find an appeal frivolous under Fed.R.App.P. 38, this Panel must conclude that the appeal is one where the result is obvious or the arguments are wholly without merit. *Braley v. Campbell,* 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). The suggestion by appellees that this appeal is frivolous does not constitute a request to the Panel for relief. *See Determan v. Sandoval (In re Sandoval),* 186 B.R. 490, 496 (9th Cir. BAP 1995). Therefore, the Panel makes no determination that the appeal was frivolous.

Accordingly, the bankruptcy court's order dismissing the appeal is **AFFIRMED.**