7. The Trustee, Gerhard Hutter and Nance Hutter desire to have the property listed with a qualified broker while this Court considers the Motion for Stay Pending Appeal filed by Gerhard Hutter.

**In re Nance HUTTER, Debtor.**

**Bankruptcy No. 94–52227.**

United States Bankruptcy Court,
D. Connecticut.

June 17, 1998.

See also 1998 WL 293043.

Nance Hutter, Greenwich, CT, Pro se.

Gerhard P. Hutter, Greenwich, CT, Pro se.

Timothy D. Miltenberger, Coan, ·Lewendon, Royston, Deming & Gulliver, New Haven, CT, for Trustee.

Michael Jones, Ivey, Barnum & O'Mara, LLC, Greenwich, CT, for Putnam Trust Company of Greenwich.

1. For a more detailed history, see *In re Hutter,* 207 B.R. 981 (Bankr.D.Conn.1997), *appeal pending* and *In re Hutter,* 215 B.R. 308 (Bankr. D.Conn.1997), *appeal pending.*

2. Although the court lacks jurisdiction to alter or amend an order which is on appeal, *In re Overmyer,* 136 B.R. 374, 375 (Bankr.S.D.N.Y.1992), it retains the authority to implement or enforce previous orders absent a stay pending appeal.

## ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL

SHIFF, Chief Judge.

The debtor, Nance Hutter, and her husband, Gerhard Hutter, have filed a joint emergency motion for stay pending appeal of this court's June 3, 1998 order which denied the debtor's recusal motion, set June 19, 1998 as the auction sale date of their residence, 993 Lake Ave., Greenwich Connecticut (the "Property"), and prohibited both of them from interfering with the auction sale. *See In re Hutter,* 221 B.R. 632 (Bankr.D.Conn. 1998), *appeal pending.* A brief recitation of the relevant history of this case follows.[1]

On April 30, 1997, this court granted the trustee's motion for judgment authorizing the sale of the Property. *See In re Hutter,* 207 B.R. 981 (Bankr.D.Conn.1997) (the "April 30 Sale Order"), *appeal pending.* On July 15, 1997, separate orders entered which implemented the April 30 Sale Order [2] by approving the trustee's notice of an auction sale on July 29 and permitting him to sell the Property free and clear of interests, claims, and liens. *See* 11 U.S.C. § 363(b), (f) and (h). The Hutters filed various notices of appeal with the District Court and the Bankruptcy Appellate Panel which were eventually consolidated in the District Court. Their appeals included the April 30 Sale Order and subsequent orders relating to the auction sale of the Property. In addition, the Hutters sought a stay pending appeal of the April 30 Sale Order.

On July 21, the Hutters retained counsel to represent them in their appeals before the District Court. On July 25, the District Court stayed the scheduled auction sale of the Property, pending a final ruling on the

*See In re Prudential Lines, Inc.,* 170 B.R. 222, 243 (S.D.N.Y.1994) ("[W]hile an appeal of an order or judgment is pending, the court retains jurisdiction to implement or enforce the order or judgment"); *Hagel v. Drummond (In re Hagel),* 184 B.R. 793, 798 (9th Cir. BAP 1995). There was no stay pending appeal of the April 30 Sale Order, nor is there one now. The July 15, 1997 order implemented the terms and conditions of the April 30 Sale Order. It did not modify or alter that order.

motion for stay pending appeal. On January 14, 1998, the District Court vacated the stay pending appeal as to the auction sale.

At a March 3, 1998 hearing, this court ruled that an order would enter setting March 27 as the new auction sale date. On March 11, prior to the entry of that sale order, the Hutters filed a Notice of Motion for Reimplementation of Stay Pending Resolution of Appeal in the United States Court of Appeals for the Second Circuit. On March 19, that court entered a temporary stay of the sale scheduled for March 27, pending a hearing on the motion on March 31. On March 31, that court entered the following order:

> By this motion Appellants seek reinstatement, pending full briefing and determination on the merits, of a District Court's recently vacated stay of a Bankruptcy Court's orders (i) imposing default judgment as a discovery sanction in an adversary proceeding seeking to authorize the sale of a non-debtor's one-half interest in his marital residence pursuant to 11 U.S.C. §§ 363(h), and thereafter (ii) authorizing an auction sale of that home.
>
> . . .
>
> IT IS HEREBY ORDERED that the motion be and it hereby is denied.

On April 14, this court conducted another hearing to reschedule the auction sale. On that date, the debtor filed a motion seeking my recusal pursuant to 28 U.S.C. § 455. As noted, the June 3 order denied the recusal motion and scheduled the auction sale for June 19. On or about June 8, 1998, the debtor and her husband, through their attorney, each filed emergency motions with the District Court, seeking a stay of the June 19 auction sale pending a determination of the merits of their appeals. Those motions were denied by the District Court on June 12.

On June 11, 1998, the Hutters jointly filed a *pro se* notice of appeal with the Bankruptcy Appellate Panel together with an emergency motion for stay pending appeal. In that motion, which also was filed here, the Hutters assert that the auction sale should be stayed pending their appeal from my decision denying the debtor's recusal motion. The Bankruptcy Appellate Panel service suspended consideration of the emergency motion pending this court's ruling, which follows.[3]

*Hirschfeld v. Board of Elections,* 984 F.2d 35, 38 (2nd Cir.1992), *cited in In re Turner,* 207 B.R. 373, 375 (2nd Cir. BAP 1997), sets the standard for determining whether a stay pending appeal should be granted. The *Hirschfeld* factors are: (1) whether the movant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury is a stay is issued; (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected. *Id.* Applying those factors here, the Hutters are not entitled to a stay pending appeal.

The Hutters argue that they will suffer irreparable injury absent a stay, as their various appeals will be mooted by the auction sale. However, the District Court and the Court of Appeals have each determined that the Hutters are not entitled to a stay of the sale pending appeal. Indeed, the District Court has twice reached that conclusion, most recently on June 12. Moreover, the imminent irreparable injury is no different today than what it was when the Hutters' previous stay motions were considered by those courts.[4] This factor is therefore of little consequence.

**3.** Motions for stay of an order of a bankruptcy judge must ordinarily presented to the bankruptcy judge in the first instance. *See* Rule 8005, F.R. Bankr.P. On June 16, 1998, the trustee filed an election to have the Hutters' June 11 appeal and emergency motion heard by the District Court. *See* 28 U.S.C. § (c)(1)(B).

**4.** The ultimate injury, of course, is that the Hutters will lose their home. However, because the debtor has no pecuniary interest in the Property, as it is now property of the bankruptcy estate, she has no standing to object to the sale. *See In re Hutter,* 215 B.R. 308, 312. Her argument that there is equity in the property is unconvincing. *See infra,* note 5. Gerhard Hutter's claim of injury is also unavailing, because his interests are protected by the safeguards provided in § 363(h).

The creditors holding allowed claims of this bankruptcy estate will suffer a substantial injury if a stay is issued. The secured creditors have not received a mortgage payment since 1991.[5] The Greenwich taxing authority has not been paid since 1990. The unsecured creditors have not been paid since 1994 because of the pendency of this bankruptcy case.

The Hutters have not presented a substantial possibility of success on appeal from the denial of the debtor's recusal motion, because the recusal motion lacked merit. As noted in the June 3 order, the motion was untimely. Moreover, it was brought as part of a continued effort to frustrate the sale of the Property after their efforts failed in the Connecticut Superior Court, Appellate Court, and Supreme Court, and then, after the debtor commenced this bankruptcy case, in this court, the District Court and the Second Circuit Court of Appeals. Nevertheless, I considered the debtor's arguments. My conclusion that the motion was without merit is buttressed by District Judge Squatrito's January 14, 1998 order vacating the stay pending appeal of the auction sale, in which he rejected the Hutters' assertion that I exhibited bias against them: "Mr. Hutter has not shown that the bankruptcy court's ruling was tainted by an impermissible animus against Mrs. Hutter."

Finally, the public interest weighs heavily in favor of denying a stay pending appeal, because the public has a strong interest in preventing the abuse of the court system by those who are unable and/or unwilling to pay their debts in a timely fashion.

Accordingly, the emergency motion is denied.

**SO ORDERED.**

---

**5.** The Hutters' argument that they have viable claims against those creditors is unconvincing in view of the fact that the foreclosure of their residence was ordered by the Connecticut Superior Court, the Connecticut Appellate Court dismissed their appeals, and the Connecticut Supreme Court denied certification. *See In re Hutter,* 207 B.R. 981, 983.