**IN RE: Christopher Michael TABERT, Debtor.**

**Bankruptcy Case No. 15–13805 EEB**

United States Bankruptcy Court, D. Colorado.

Signed October 29, 2015

Todd Wagner, Centennial, CO, for Debtor.

## ORDER REINSTATING CASE

Elizabeth E. Brown, Bankruptcy Judge

THIS MATTER comes before the Court on Motions to Reinstate Case, filed by Stephen Peters, the former chapter 7 trustee ("Chapter 7 Trustee") and Sally Zeman, chapter 13 trustee ("Chapter 13 Trustee"), which have been opposed by the Debtor. The Court being advised in the premises hereby FINDS and CONCLUDES:

## I. BACKGROUND

The Debtor filed a petition for relief under chapter 7 on April 13, 2015. When

the Chapter 7 Trustee expressed interest in selling his home due to the existence of non-exempt equity, the Debtor immediately converted his case to chapter 13 proceeding. Pursuant to Fed. R. Bankr. P. 3015(b), the Debtor was then required to file a chapter 13 plan within fourteen days from the conversion date. However, he did not file a plan and, on the fifteenth day after conversion, the Court entered an order dismissing the case "for the failure of the Debtor to comply with Rule 3015(b)."

The Chapter 7 Trustee then moved to vacate the dismissal and reconvert the case to chapter 7. He asserted that the Debtor, by allowing his case to be dismissed, was trying to take advantage of an additional $15,000 in homestead exemption by refiling his case after July 1, 2015, the effective date of the amendment to C.R.S. § 38–41–201(*l*)(a), which increased the homestead exemption amount from $60,000 to $75,000. The Debtor denied any intention to orchestrate a dismissal in order to protect his home from creditors through claiming larger exemptions or otherwise. Instead he claimed that he converted the case to save his home, with the belief that his father would help him with plan payments. But after conversion, his father was unable to help and the Debtor was unable to secure employment. Therefore, no purpose would have been served by filing a plan because he did not have the necessary means to fund a plan.

The Debtor also objected to the Chapter 7 Trustee's motion on the basis that he no longer had standing to assert a position in his bankruptcy case because the Chapter 13 Trustee had supplanted his interest. To remove this issue from the case, the Chapter 13 Trustee filed her own motion to reinstate.

These motions argue that the dismissal order should be vacated under Fed. R. Civ.P. 60(b) because, among other reasons, it had entered improperly due to a procedural error. The Debtor was able to obtain a dismissal of his case without any opportunity for a party in interest to object to its dismissal. They argue that § 1307[1] requires a motion to dismiss, with notice to all parties, and an opportunity for a hearing if any party objects. The Debtor counters that this district's own local rules permit the automatic dismissal of a "deficient" case—one in which the debtor has not filed necessary documentation by the applicable deadline.

## II. DISCUSSION

The Debtor relies on L.B.R. 3015(b)(2), which provides that the failure to file a plan by the deadline set forth in Fed. R. Bankr. P. 3015 "will result in the dismissal of the case pursuant to L.B.R. 1007–1 and 1017–3 and the United States Trustee's Standing Motion to Dismiss Deficient Case, without further notice, certification or hearing." No one disputes that Fed. R. Bankr. P. 3015 requires the filing of a chapter 13 plan within fourteen days from the date of filing or conversion. But a question exists as to whether L.B.R. 1007–1 and 1017–3 and the Standing Motion to Dismiss Deficient Case in this district (the "Standing Motion") of the Office of the United States Trustee (the "UST"), by their express terms allow for automatic dismissal due to the failure to file a chapter 13 plan. The local rule and the Standing Motion apply only to cases that are deemed "deficient" when filed because of the failure of a debtor to file all documents required to "commence a case." There is ambiguity as to whether the Standing Mo-

1. Unless otherwise indicated, all future statutory references in this Order are to Title 11,

United States Code.

tion applies to cases converted to chapter 13 that were not "deficient" when filed as a chapter 7 case. It is also not clear whether their use of the catch all phrase "other required documents to commence a case" in L.B.R. 1017–3 would include the chapter 13 plan. Nothing in § 521(a)(1) of the Bankruptcy Code would suggest its inclusion, but L.B.R. 3015–1(b)(2) assumes this to be true.

Section 1307(c) governs the dismissal in this case. It provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert ... or dismiss a [chapter 13 case], whichever is in the best interests of creditors and the estate for cause." "Cause" includes the "failure to file a plan timely ...." § 1307(c)(3). Rule 1017(f)(1) provides that a proceeding to dismiss a case under § 1307(c) is governed by Rule 9014, which in turn provides that "relief shall be requested by motion and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Rule 9014(b) further requires that "the motion shall be served in the manner provided for service of a summons and complaint by Rule 7004." While failure to file a plan is "cause" for dismissal under § 1307(c)(3), and the Standing Motion could suffice to fill the motion requirement set forth in Rule 1017(f)(1), it did not satisfy the notice requirement in Rule 1017(f)(1). The Standing Motion was not served on anyone pursuant to Rule 7004.

In addition, the reference to notice and an opportunity for hearing in § 1307(c) and Rule 9014 invokes the provisions of L.B.R. 9013–1, which requires a separate notice to be served on interested parties. The notice must contain a "specific statement describing the requested relief or intended action to be taken, in sufficient detail to meaningfully inform the parties receiving the notice," and a specific date for the deadline to object and request a hearing which is not less than fourteen days from the mailing of the notice. L.B.R. 9013–1(a)(2)(A) and (B).

The Court recognizes that there is language in the notice of the 341 meeting (the "341 Notice"), issued by the Clerk of the Court in this case after conversion of the Debtor's case, addressing the consequences of a debtor's failure to file a timely plan. The 341 Notice provides, in a section captioned "Filing of Plan, Hearing on Confirmation of Plan, Other Confirmation/Objection Deadlines," that "the debtor has *not* filed a plan and that "[t]he plan *must* be filed by the debtor within fourteen days of the commencement of the case and will be mailed to you by the debtor when filed with the Court." (emphasis in original). In a different section, captioned "Deadline to Provide Documents and Notice of Possible Dismissal," the notice provides (in bold print):

> Pursuant to Local Bankruptcy Rule 1017–3(a), including Local Bankruptcy Rule 3015–(b)(2), you are hereby notified that if this case remains deficient after filing, it is subject to the United States Trustee's Standing Motion to Dismiss and/or the dismissal provisions of 11 U.S.C. § 521(i).

This notice was either mailed, faxed, or emailed to the Debtor, his attorney, both trustees, and all of the creditors in the case on May 17, 2015.

This Court finds that the 341 Notice, while consistent with L.B.R. 3015–1(b), did not satisfy the minimum due process requirements of § 1307(c). The notice was mailed only twelve days before the case was dismissed. At the time of its mailing, the case was not yet deficient because the Debtor still had time to meet the deadline. Moreover, the 341 Notice did not provide parties with any information on how to object to a potential dismissal of the case

or a deadline for doing so. Rule 9029(a) provides that local rules must be consistent with Acts of Congress and Federal Bankruptcy Rules. *See also In re Rivermeadows Associates, Ltd.,* 205 B.R. 264, 269 (10th Cir. BAP 1997).

Congress knows how to provide for automatic dismissal, without notice or hearing, when that is the result it desires. Section 521(a)(1) provides a list of documents that must be filed at the outset of a bankruptcy case, which list does not include the chapter 13 plan in a chapter 13 case. As to those documents that are included in the list, § 521(i)(*l*) expressly provides that a debtor's failure to file them by the 45th day of the case will result in dismissal "effective on the 46th day...." A party may request a "comfort order" acknowledging the dismissal. 11 U.S.C. § 521(i)(2). But the dismissal is effective regardless of whether the bankruptcy court ever enters such an order.

■ By way of contrast, the grounds for dismissal listed in § 1307(c), which includes the failure to timely file a plan, do not result in automatic dismissal. They require the filing of a motion and service of the motion and a notice that gives parties an opportunity to object and request a hearing. Undoubtedly, part of the reason for giving notice and an opportunity for a hearing is because this statute gives the Court a choice of remedies whenever "cause" is established. The choice is between dismissal and conversion of the case to a chapter 7 proceeding. The choice made should reflect whichever alternative is in the best interests of the creditors and the estate. The "after notice and a hearing" provision ensures that any party who wants to give the court input into that choice will have the ability to do so. The Trustees in this case want the opportunity to argue that conversion is better for the creditors.

The failure of the Court to provide parties with sufficient procedural due process is grounds for relief under Fed. R. Civ. P. 60(b)(4). A judgment is "void" and justifies relief under Fed. R. Civ. P. 60(b)(4) if it is entered in a manner inconsistent with due process, *i.e.,* without adequate notice and an opportunity to be heard. *Orner v. Shalala,* 30 F.3d 1307, 1310 (10th Cir. 1994).

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED that the Trustees' Motions to Reinstate are hereby GRANTED. The Order Dismissing Case, entered on May 29, 2015, is hereby VACATED and this case is reinstated.

FURTHER ORDERED that the Court will enter a separate order regarding the Debtor's failure to file a Chapter 13 plan and his stated lack of means to do so, and whether such failure should result in dismissal or conversion of this case to chapter 7 pursuant to § 1307(c). The order will provide a deadline for parties in interest to respond and to address whether dismissal or conversion of this case to chapter 7 is in the best interests of creditors and of the estate.