*1177
 
 HARLINGTON WOOD, JR., Circuit Judge.
 

 There are occasional pro se appearances in this court, and that is what we have here, but with a difference. Vicki A. Dempsey appears pro se, but without the usual pro se handicaps as she is an attorney. What is a little more unusual is that there is no appellee to support the final order of the district court entered on April 22, 1998. That order affirming the order of the bankruptcy court was adverse to the attorney’s fees interest of appellant in three Chapter 13 bankruptcy cases. She was permitted to orally argue here, but needed to reserve no time for rebuttal. That lack of briefing and argument balance puts the court at some disadvantage. There is an old saying among judges that “cases are easy to decide until you hear the other side.” What we have before us, however, we believe is adequate to address the fee issue.
 

 The question concerns bankruptcy attorneys’ fees allowed under the existing practice in the bankruptcy courts in the Central District of Illinois. It is an important matter not only to attorneys, but to the courts and the public. We will examine it as a broader issue in the context of this appeal.
 

 The bankruptcy court had established an $800 base to be used as presumptively reasonable for Chapter 13 attorneys’ fees. Appellant began in the bankruptcy court with the filing of five Chapter 13 bankruptcy cases in which she later sought additional fees. Appellant, as is permitted, filed a motion for additional attorney’s fees exceeding the $800 base in the five pending cases. In two of the cases not being appealed, the bankruptcy judge approved approximately 65% of the additional fees requested. However, in the three cases on appeal, no increases were allowed in two of three cases but in the third approximately 30% of the additional fee requested was approved. Therefore, a total of $1,073.50 in additional fees is at stake in this appeal. That dollar amount, however, is not indicative of the importance of the fee issue. Future Chapter 13 fees not only of appellant but of all counsel in similar cases could be affected. We ordinarily give great deference in fee dispositions to the good discretion of the local district and bankruptcy judges. However, we are not disinterested in the general functioning of the bankruptcy courts since this court is involved in the selection of bankruptcy judges. 28 U.S.C. § 152. It will be helpful to examine the course of this fee issue in both the bankruptcy and district courts.
 

 In May 1997, appellant filed motions for additional attorney’s fees in the three cases. In the first she requested $211.50, in the second $437.00, and in the third an additional $625.00. Her motions sought to justify the additional fees by attaching an itemization of the services rendered. Each item of service was identified and the time expended given in small blocks of minutes. Services included were, for example, the preparation of the bankruptcy schedules, Chapter 13 petitions and plans, correspondence, office conferences, telephone calls, attendance at bankruptcy hearings, review of documents and reports, etc. The additional fee sought was then computed on the basis of the hours expended by appellant figured at appellant’s hourly rate of $110. That has been her hourly rate for the past five years.
 

 In the three eases, the amounts cut by the bankruptcy court without sufficient explanation included all additional fees requested in two of the three cases and, in the third case, $425 of the $625 additional fee requested. Appellant represents that no one, including the Trustee, objected to the additional fees. The Trustee advised the bankruptcy court, in at least one of the cases, that the attorney’s work had benefitted the estates and that he supported the allowance of the increase.
 

 In June 1997, appellant appealed the fee cuts to the district court which in due course remanded the now consolidated cases back to the bankruptcy court for “further elaboration of its reasons for denying appellant’s motion for additional fees.” In January 1998, the bankruptcy court, as directed, entered detailed orders again confirming the fee cuts, but this time more adequately explaining the reasons. In doing so, the bankruptcy judge noted that in the Southern District of Illinois a base of $1,200 is allowed by one bankruptcy judge without requiring fee itemization, with the option of petitioning for additional fees. In that district, as an additional option, the bankruptcy court may also allow a
 
 *1178
 
 fee of up to $1,500 without itemization, provided the attorney has agreed in advance to that heightened limitation. If that option is chosen, further fees are foreclosed. The bankruptcy court in the present case noted, however, that the bankruptcy judges in the Central District do not wish to implement a similar policy as the Southern District has adopted. It is represented by appellant that the bankruptcy judge also said that it disagreed with the way two other bankruptcy judges in the Central District allowed fees, but we are not informed about what those differences may be. Appellant also informs us that bankruptcy fees in similar cases are higher just across the Mississippi River in the Eighth Circuit.
 

 The bankruptcy judge’s explanatory orders were appealed to the district court which again reviewed the consolidated cases. The district court noted that the bankruptcy judge had found fault with certain of appellant’s time itemizations, had viewed her hourly rate of $110 as an unreasonably high amount, and had regarded none of the three cases to be out of the ordinary, but “rather typical.” One case in particular was mentioned as having been found by the bankruptcy judge to be uncomplicated and the result appellant obtained to have been “mediocre.” The district court further noted that appellant had failed to show that the use of the $800 benchmark procedure was contrary to law or that its use was arbitrary, outmoded, or so low that it discouraged the filing of Chapter 13s. The bankruptcy court had held, referring to the $800 base, that it was not going “to fix that which is not broken.” The district court then affirmed the bankruptcy court in all respects, and appellant now brings her fee problems here.
 

 From the perspective of this court looking at this consolidated case and beyond, it appears that the $800 base likely could be outmoded, and though not arbitrary ten years ago when it was first adopted, it may be now. Other districts have raised similar-bases. Being frugal with fees in bankruptcy cases is admirable as what bankruptcy assets there may be are not for the welfare of the bankruptcy bar. The fees, however, should be fair and reasonable depending on the facts and circumstances in each case. All lawyers are expected to do some pro bono work as part of their professional responsibilities, but there is no need on a regular basis to require a degree of pro bono work in Chapter 13 cases. It must be borne in mind that bankruptcy involves limited assets, but the consequences of continued unreasonably low fees might affect the rendering of prompt and good legal services which could be detrimental to debtors, creditors, and the courts, as well as the bankruptcy bar.
 

 During the last ten years that the $800 bankruptcy fee base has been in effect, the salary of bankruptcy judges, on the other hand, has risen from $82,340 on October 1, 1988, to $125,764 on January 1, 1998. The salaries of other federal judges have also risen. It cannot be disputed that in the past decade most other items of expense for practitioners have also drastically risen including the costs of such things as stamps, rent, fair salaries for secretaries,
 
 [1]
 
 etc. Most attorneys’ fees have also necessarily gone up during that time to keep abreast of a more expensive economy.
 

 In the Matter of: Peter Francis Geraci,
 
 138 F.3d 314 (7th Cir.1998), this court considered another $800 presumptively reasonable fee base and affirmed its use. However, that was in a no-asset Chapter 7 consumer bankruptcy case with a unique attorney situation, not a Chapter 13 case. That presumptive fee lends itself well to Chapter 7 cases which are usually routine and quite similar. The presumptive fee procedure used fairly in Chapter 7 or Chapter 13 cases can save time for bankruptcy courts and attorneys. We noted in
 
 Geraci,
 
 however, that “additional fees should be awarded if the standard fee does not compensate the attorney in full for the time expended on an hourly basis.” 138 F.3d at 321. Chapter 13 cases require, among other things, the formulation of a plan to be in effect for a limited period of years, all taking more attorney time and thought than a Chapter 7 routine no-asset case.
 

 We are not going to set the fees in this consolidated case on appeal, or determine
 
 *1179
 
 what the base rate should be, but regrettably, under these circumstances, we are compelled to hold that there has been an abuse of discretion even though well-intentioned. In remanding we are not directing that this consolidated case be transferred to different bankruptcy and district judges.
 

 The district judges and bankruptcy judges in the Central District are all regarded as fair and reasonable, but this fee situation needs to be reviewed and updated by them. Some uniformity as to fees in the Central District itself may be desirable. This general fee problem seems a fit one for the bankruptcy judges to consider and resolve in their meetings under the guidance of the district judges. After the fee situation is reconsidered in the Central District, then the fees in this case can be better redetermined. The views of the bar and the Trustee may also be helpful to the judges. Bankruptcy courts must not be so unreasonably frugal as to risk driving the bankruptcy bar into bankruptcy. No additional bankruptcy cases are needed, but bankruptcy practitioners are.
 

 Therefore, this consolidated case is remanded to the district court in order for the bankruptcy and district judges to reexamine the bankruptcy fee process, and then to make such adjustments in the fees at issue as is deemed reasonable and fair. The district court should then give appellant the benefit of any new adjustments.
 

 Thirty days is allowed for that purpose. This court will retain jurisdiction. In accordance with the views expressed in this opinion, a report is to be filed with this court advising of any new fee process and base adopted, as well as an explanation of the fees determined to be reasonable and allowed in this case. Appellant is directed to file, within ten days after the judicial report is filed, a response indicating her views regarding the fees allowed in her consolidated case. Appellant need file no new notice of appeal. An appropriate order in this appeal from this court will follow.
 

 It could be helpful in future cases of possible general bankruptcy interest where there is no opposing counsel if the Trastee would consider intervening, at least as a friend of the court.
 

 Reversed and Remanded for further consideration in accordance with this opinion. Jurisdiction is retained.
 

 [1]
 

 . Appellant informed us at oral argument that her secretary deserves an increase too, but that was difficult without some bankruptcy fee help. ut some bankruptcy fee help.