HARLINGTON WOOD, JR., Circuit Judge.
 

 By an interim opinion issued November 24, 1998, these consolidated eases were initially reversed and remanded for further consideration of the particular bankruptcy fees involved as well as for general review of the bankruptcy fee-setting process in the Central District of Illinois. Jurisdiction was retained allowing thirty days for the district judges and bankruptcy judges to reconsider the bankruptcy fees situation and thereafter to respond to this court.
 
 See Matter of Kindhart,
 
 160 F.3d 1176 (7th Cir.1998).
 

 Appellant Vicki A. Dempsey, who appeared pro se and originally objected to the bankruptcy fees allowed to her in the consolidated cases as well as to the district’s bankruptcy fee process generally, was likewise given the opportunity to respond to any new order of the district court, and has now done so.
 

 On December 22, 1998, United States District Judge Richard Mills, in behalf of the district and the bankruptcy judges, filed an order in response to the mandate of this court. It appears that the United States district judges and the bankruptcy judges met to discuss the requirement of this court. As Judge Mills’ order recites:
 

 Following that meeting, the bankruptcy judges made two recommendations to the distinct judges. First, the bankruptcy judges recommended that the review level for attorney’s fees in Chapter 13 cases be uniform throughout the district. Second, the bankruptcy judges recommended that the review level be immediately adjusted from $800.00 to $1,000.00, and that they consider revising that review level every 24 months thereafter. On December 22, 1998, the district judges adopted the bankruptcy judge’s [sic] recommendations
 
 in toto,
 
 and therefore, this new policy regarding the review level for attorney’s fees in Chapter 13 bankruptcy cases became effective in the Central District of Illinois on that date.
 

 Order of District Court for Central District of Illinois of December 22, 1998 at 2,
 
 In re Kindhart,
 
 160 F.3d 1176 (7th Cir.1998) (No. 98-2184).
 

 Further, in respect to the fees to be allowed to appellant Dempsey, the bankruptcy judges recommended that she receive the full amount of attorney’s fees she originally sought in the consolidated cases. The district judges also adopted that fee recommendation and awarded appellant Dempsey an additional $1,273.50 in attorney’s fees.
 

 Appellant Dempsey’s response to the December 22, 1998 order indicates that she is largely satisfied with the action taken by the
 
 *1160
 
 judges, but raises some new concerns about possible bankruptcy fee allowances in the future. She states her belief that even though progress has been made by raising the review level for fees from $800.00 to $1,000.00 that the adjustment is still not sufficient when compared with the review levels applied in the adjoining districts of Southern Illinois and Eastern Missouri. In those neighboring districts, the review level is $1,200.00. She likewise expresses concern that, in the future, fee bills exceeding by a few hundred dollars the new review level will be unreasonably questioned and reduced. She also recommends that fees be allowed for
 

 any post-confirmation attorney time involved (such as for a Motion to Amend a Plan, incur a debt, or responding to a Motion to Dismiss) that additional fees of $250.00 be allowed upon request, but without itemizing, on a one-time basis. If more fees are requested, then time notes are required. This process would save time for both the attorney and the Court.
 

 Appellant’s Response to Bankruptcy Court’s Order of December 22, 1998 at 2,
 
 In re Kindhart,
 
 160 F.3d 1176 (7th Cir.1998) (No. 98-2184).
 

 The district judges and bankruptcy judges in the Central District on remand have been “fair and reasonable.”
 
 Matter of Kindhart,
 
 160 F.3d at 1179. It can be expected that the judges will consider any future bankruptcy fee issues which may arise from time to time, including those mentioned by appellant in her response, and, if appropriate, will make any needed adjustments.
 

 We note farther that Judge Mills’ order provides for reconsideration of the review level every twenty-four months after December 1998.
 

 In view of the remedial provisions of Judge Mills’ order, we see no reason at this time to anticipate and consider any fee problems that appellant fears may arise in the future. Therefore, Judge Mills’ order of December 22, 1998 entered in behalf of all the district and bankruptcy judges in the Central District of Illinois is affirmed in all respects.
 

 Though not sought by her, we cannot grant appellant Dempsey any relief from her costs already expended in this court, although she prevailed on the issues originally raised.
 

 Affirmed.