In re Thomas E. ROGERS, IV, also known as Tom Rogers, and Cynthia M. Rogers, also known as Cindy Rogers, Debtors.

Greggory Colpitts and The Colpitts Law Firm, Appellants,

v.

Lonnie D. Eck, Trustee, Appellee.

BAP No. 08–075.
Bankruptcy No. 07–12266.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Feb. 24, 2009.

Submitted on the briefs: *

Greggory T. Colpitts of The Colpitts Law Firm, Tulsa, OK, for Appellants.

Lisa H. Bryant, Tulsa, OK, for Appellee.

Before McFEELEY, NUGENT, and THURMAN, Bankruptcy Judges.

## OPINION

McFEELEY, Bankruptcy Judge.

Debtors' counsel, Greggory Colpitts and The Colpitts Law Firm ("Appellants") appeal the bankruptcy court's award of attorneys fees and costs on the grounds that it failed to award the fees and costs requested and that, at a minimum, the bankruptcy court should have awarded fees equal to its own "Standard Fee" for a business case. Having reviewed the record and applicable law, we AFFIRM.

## I. BACKGROUND

Debtors, Thomas E. Rogers, IV and Cynthia M. Rogers retained Appellants, Greggory Colpitts and The Colpitts Law Firm on October 4, 2007. On November 16, 2007, Debtors filed for relief under Chapter 13 of the Bankruptcy Code. On April 15, 2008, Debtors' second amended Chapter 13 Plan was confirmed. The provisions of this plan included: a zero percent projected payback to unsecured creditors; a small IRS claim which was not litigated, and no secured claims were modified under the terms of the plan.

On April 30, 2008, Appellants filed an itemized application for Allowance of At-

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

torney's Fees seeking approval of fees in the amount of $3,904.61 before application of retainer and voluntary reduction. The Chapter 13 Trustee filed his objection to the fee application on May 21, 2008. In his objection, the Trustee identified the objectionable time entries and stated that the entries were either excessive or of no benefit or necessity to the estate. He further objected to certain cost entries for copy charges.

On June 17, 2008, the bankruptcy court held a hearing on the fee application. The bankruptcy court made the following findings on August 12, 2008, at an oral ruling on the fee application:

 a. The amount of time taken to draft the initial plan and amortization of two tax claims at zero percent interest was excessive given the existence of a standard form plan.

 b. The amount of time taken to draft certificates of service which the Court identified as boilerplate pleadings was excessive.

 c. Forty entries of one-tenth of an hour for reviewing pleadings were of questionable benefit to the estate given the nature of the entries which should have been initially reviewed by a paralegal with only relevant entries being forwarded to counsel.

 d. Counsel should not be reimbursed for copies of pleadings made for the file.

At the conclusion of its ruling, the bankruptcy court awarded Appellants $2,300.00 for fees and costs. On August 13, 2008, the bankruptcy court entered a written order awarding fees.

On August 22, 2008, this appeal was timely filed.

## II. JURISDICTION

We have jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002. The parties have consented to this Court's jurisdiction because they did not elect to have the appeal heard by the United States District Court for the Northern District of Oklahoma. 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e). The bankruptcy court's order is a final order subject to appeal under 28 U.S.C. § 158(a)(1). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). Thus, this Court has jurisdiction to review the order.

## III. DISCUSSION

■■■ The bankruptcy court has broad discretion in the determination of attorneys fees awards. When determining reasonable compensation, the bankruptcy court "shall consider the nature, the extent, and the value of such services[.]" 11 U.S.C. § 330(a)(3). The statute further enumerates the following six nonexclusive factors that a court may consider in its determination of the nature, the extent, and the value of such services:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demon-

strated skill and experience in the bankruptcy field; and

 (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title

11 U.S.C. § 330(a)(3)(A)-(F).

Section 330 further provides that certain services are not compensable. Specifically, a court may not allow compensation for the following:

 (i) unnecessary duplication of services; or

 (ii) services that were not—

 (I) reasonably likely to benefit the debtor's estate; or

 (II) necessary to the administration of the case.

11 U.S.C. § 330(a)(4)(A)(I)-(ii).

 A decision to allow or disallow compensation under § 330 is reviewed for abuse of discretion. *In re Tahah*, 330 B.R. 777, 780 (10th Cir. BAP 2005) (citing *In re Commercial Fin. Servs., Inc.*, 298 B.R. 733, 747 (10th Cir. BAP 2003), *aff'd*, 427 F.3d 804 (10th Cir.2005)). "Under the abuse of discretion standard: a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceed the bounds of permissible choice in the circumstances." *In re Dewey*, 237 B.R. 783, 787 (10th Cir. BAP 1999) (internal quotation marks omitted).

 Appellants' primary arguments are that the bankruptcy court failed to award the requested costs and attorney's fees asserting that there was bias, and that there was a failure to show clear and concise reasons for the reduction in fees awarded.[1] To bolster their argument, Appellants assert that Chapter 13 cases are more complex following BAPCPA, and that the bankruptcy court failed to perform a lodestar analysis or itemize each time entry disallowed. A review of the record illustrates that the bankruptcy court used the appropriate standard for review of the fee application. The bankruptcy court made specific factual findings regarding the entries and expenses that it determined were not beneficial to the bankruptcy estate or not compensable. There is no requirement that the court prepare a detailed review and discussion of the line by line entries. *Tahah*, 330 B.R. at 781. "The Court may make a subjective judgment based on the entire circumstances presented." *Id.* Here, the bankruptcy court provided a clear explanation of its reasoning underlying the fee award. Appellants fail to show that any findings made were clearly erroneous.

 Appellants also argue that, at a minimum, the "Standard Fee" should have been awarded for a business bankruptcy filing. It is well-established that bankruptcy courts have a duty to independently evaluate the propriety of the compensation requested under § 330. *Tahah* 330 B.R. at 780–81 (citing 3 *Collier on Bankruptcy* ¶ 330.04[4][c] (Lawrence P. King, ed., 15th ed. rev.2003)). When a fee application is filed, the attorney seeking approval of the fee has the burden to establish the reason-

---

1. Appellants submitted evidence to support their claim of bias, specifically a report of fees requested and awarded by the bankruptcy court. The report was not introduced at the proceeding below and is, therefore, not appropriate to consider on appeal. Accordingly, Appellee's Motion to Strike a Portion of Appellant's [sic] Designation of Record on Appeal and Memorandum in Support Thereof filed September 4, 2008, is HEREBY GRANTED. Pages 113 through 184 of the Appellant's Appendix, inclusive, are HEREBY STRICKEN.

ableness of each dollar for each hour above zero. *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1203 (10th Cir.1986). Courts which allow presumptive fees have merely set a maximum allowable fee without the submission of a fee application. *See In re Yates,* 217 B.R. 296, 301 (Bankr. N.D.Okla.1998) ("Courts which permit 'flat' or 'customary' fees to be awarded without a detailed fee application are quick to note that the flat fee is designed to be the *maximum* fee which will be allowed without the submission of the detailed statements of time and rate contemplated by Bankruptcy Rule 2016, and not a *minimum* fee to be awarded in all cases.").

Appellants filed a fee application seeking an award of fees and costs. They argue that at a minimum they should have been awarded the standard fee. Once Appellants filed the fee application they were not entitled to the standard fee.

## IV. CONCLUSION

For all these reasons, we AFFIRM.